**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Joe Paul Martinez,<br><br>            Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>           Respondents. | No. CV-23-01240-PHX-ROS<br><br>**ORDER** |

      Magistrate Judge Alison S. Bachus issued a Report and Recommendation ("R&R") analyzing Petitioner Joe Paul Martinez's petition for writ of habeas corpus. (Doc. 10). The R&R concludes the petition is barred by the statute of limitations so it should be denied and dismissed with prejudice. Petitioner filed objections and Respondents filed a reply. (Doc. 13, 14). Because Petitioner does not offer sufficient justification for the delay in filing his federal petition, the R&R will be adopted with the additional analysis set forth below.

**BACKGROUND**

      In 2016, Petitioner was charged with 31 counts of sexual offenses involving three minor victims. Petitioner entered into a plea agreement requiring he plead guilty to five counts, including "Count 19." That count was for "molestation of a child" under A.R.S. § 13-1410 which prohibits sexual contact with "a child who is under fifteen years of age." The indictment alleged Count 19 involved events that occurred "on or between October 22, 1999 and October 21, 2000." (Doc. 1 at 7). According to Petitioner, the victim

relevant to Count 19 consistently reported the abuse occurred at a home in Tempe.

On June 26, 2019, Petitioner was sentenced to a total of 27 years imprisonment, 15 of which were for Count 19.  Petitioner was also sentenced to lifetime probation.  In January 2020, Petitioner filed a petition for post-conviction relief challenging certain aspects of his convictions and sentences.  That petition, however, did not present any claim regarding Count 19.  On May 29, 2020, the superior court granted relief by modifying Petitioner's term of probation on one of the counts but denying all other relief.  Neither Petitioner nor Respondents sought review of that decision.

Approximately one year later, in May 2021, Petitioner filed various documents with the state court seeking additional post-conviction relief.  One of those documents explained he was seeking relief on Count 19 because he had recently obtained records from the City of Tempe.  Those records allegedly established when Petitioner lived at the house in Tempe where the victim reported the abuse captured by Count 19 occurred.  According to an email Petitioner attached to one of his state court filings, the City of Tempe had provided the records to Petitioner's family on December 9, 2020.  (Doc. 8-5 at 16).  It is not clear when Petitioner received the records from his family.

According to Petitioner, the records established he lived in Tempe from December 2001 to August 2002.  (Doc. 8-5 at 12, 17).  (Doc. 8-5 at 12). That date range was critical because, again according to Petitioner, the victim relevant to Count 19 turned 15 years old in October 2001.  Thus, Petitioner claimed his acts involving that victim did not qualify as abuse of a child.  It appears Petitioner was aware of this possible defense at the time he pled guilty because, before pleading guilty, Petitioner asked his attorneys to subpoena "rental agreements" to establish when Petitioner lived in Tempe.  The attorneys allegedly failed to do so.  The City of Tempe records were not the "rental agreements" Petitioner had previously sought.  Rather, the City of Tempe records merely proved the same facts that Petitioner believed the "rental agreements" would have proven.  That is, the City of Tempe records allegedly proved Petitioner lived in Tempe after the victim turned 15.  (Doc. 8-5 at 12-13).

On July 8, 2021, the state court addressed Petitioner's May 2021 post-conviction relief filings. (Doc. 8-5 at 32). As relevant here, the state court noted Petitioner had previously sought post-conviction relief and, on the face of his recent filings, it appeared those filings were untimely. The state court acknowledged Petitioner was arguing he had newly discovered evidence such that Arizona law allowed him to file a new request for post-conviction relief. In addressing that argument the state court appears to have misconstrued certain aspects of the record and Petitioner's arguments.

The state court began its analysis of the newly discovered evidence issue by noting the evidence related to "Count 12." (Doc. 8-5 at 34). That was not accurate as Petitioner contended the evidence was relevant to Count 19. Next, the state court concluded the newly discovered evidence was a "rental agreement." That was not accurate as the City of Tempe records were records of when housing vouchers were used and not anything that might qualify as a "rental agreement." In fact, the "rental agreement" Petitioner sought before pleading guilty involved an entity known as "Rentals Tempe." (Doc. 8-5 at 30). Before Petitioner pleaded guilty his counsel sent a subpoena to "Rentals Tempe" seeking the "rental agreement." For unknown reasons Rentals Tempe never produced such an agreement. (Doc. 8-5 at 13). Based on its seemingly inaccurate view of the record, the state court reasoned the City of Tempe records were "not new" because Petitioner had previously referenced the "rental agreement." Viewing the City of Tempe records in that light, the state court denied relief.

On August 12, 2021, Petitioner filed a "notice of appeal" from the state court's denial. (Doc. 8-5 at 36). On August 23, 2021, the Arizona Court of Appeals dismissed that appeal, informing Petitioner he could seek appellate review only through a "petition for review." Petitioner obtained counsel but that counsel did not immediately file a petition for review. Instead, counsel waited until March 23, 2022, to file a petition for review and, instead of filing at the Arizona Court of Appeals, counsel filed at the Arizona Supreme Court. (Doc. 8-5 at 41, 53). The Supreme Court denied review on July 1, 2022. (Doc. 8-5 at 57).

Petitioner then waited to file his federal petition until July 5, 2023, a full year after the Arizona Supreme Court's ruling. (Doc. 1). His federal petition presents a single claim that his conviction on Count 19 was "in violation of the Fifth and Fourteenth Amendments based on newly discovered evidence." (Doc. 1 at 3). Respondents filed a limited response, arguing untimeliness and procedural default. (Doc. 8 at 2). The R&R concluded the petition was, in fact, untimely and recommended dismissal.

## ANALYSIS

Based on Petitioner's objections to the R&R, he appears to present two arguments why his petition should be deemed timely. First, Petitioner argues the one-year limitations period did not begin until he obtained the records from the City of Tempe. Second, Petitioner argues he is entitled to equitable tolling.[1] Neither argument is convincing.

The federal one-year limitations period usually begins to run once a state conviction is final but the starting date can also be "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). That one-year period is subject to statutory tolling. 28 U.S.C. § 2244(d)(2). Petitioner argues the "factual predicate" of the claim he wishes to pursue is the records he obtained from the City of Tempe. That may not be accurate because Petitioner was aware of the dates he lived at the address in Tempe years before obtaining the City of Tempe records. In fact, Petitioner instructed his attorney to obtain the "rental agreement" to support his position that the victim was not a child under the age of 15. Therefore, Petitioner likely knew the relevant "factual predicate" to trigger the statute of limitations even before he pleaded guilty. But assuming the limitations period began when Petitioner received the City of Tempe records, his petition remains untimely.

Petitioner's family received the City of Tempe records on December 9, 2020.

---

[1] The R&R concludes Petitioner is not entitled to the "actual innocence" exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). Petitioner does not object to that conclusion. Even if Petitioner had objected, he has not established this is the "rare" case presenting a "tenable actual-innocence" argument. *Id.* at 386.

1. (Doc. 8-5 at 16). Petitioner argues his family did not send him the records immediately, but Petitioner had the records sometime prior to May 17, 2021, when he filed them with the state court as an attachment to a petition for post-conviction relief. (Doc. 8-5 at 13). Once that petition was filed, the Court will assume Petitioner was entitled to statutory tolling while that petition was pending. The petition was denied on July 8, 2021, and Petitioner filed a procedurally improper "notice of appeal." (Doc. 8-5 at 32). The Court of Appeals dismissed the appeal on August 23, 2021. Petitioner then waited approximately seven months to file a procedurally improper petition for review with the Arizona Supreme Court in March 2022. That petition was denied on July 5, 2022. And Petitioner then waited another twelve months to file his federal petition. Given this sequence of events, even if the Court could conclude the one-year limitations period did not begin until early 2021, and Petitioner was entitled to statutory tolling for certain periods, the limitations period was still long-expired before July 2023.

Petitioner argues that even if statutory tolling is not enough, he should be granted equitable tolling. The above analysis shows Petitioner was not sufficiently diligent to invoke equitable tolling. Equitable tolling requires "reasonable diligence, not maximum feasible diligence." *Holland v. Fla.*, 560 U.S. 631, 653 (2010). Petitioner has not shown reasonable diligence because there is no explanation for the repeated lengthy delays after Petitioner had the City of Tempe records.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 10) is **ADOPTED** with the additional analysis set forth above. The petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of Respondents and terminate this case.

Dated this 15th day of April, 2024.

_____
Honorable Roslyn O. Silver
Senior United States District Judge